UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| William Hoover, Stephanie Hoover, and Merissa Hoover,<br><br>              Plaintiffs,<br><br>     v.<br><br>Windsor Group; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiffs, William Hoover and Merissa Hoover, say by way of Complaint against Defendant, Windsor Group, as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiffs, William Hoover and Merissa Hoover ("Plaintiffs"), are adult individual residing in Manahawkin, New Jersey, and Lanoka Harbor, New Jersey, respectively, and each are a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant Windsor Group ("Windsor"), is a Texas business entity with an address of 10670 North Central Expressway, Suite 440, Dallas, Texas 75231, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Windsor and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Windsor at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff, Merissa Hoover, incurred a financial obligation (the "Debt") to original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Windsor for collection, or Windsor was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Windsor Engages in Harassment and Abusive Tactics

12. The Plaintiff, Merissa Hoover, fell behind on her automobile loan payments.

13. The Defendants called the Plaintiffs repeatedly at least five times a day and in an attempt to collect the Debt.

14. The Defendants called the Plaintiffs and in an attempt to collect the Debt and failed to inform that Plaintiffs that any information Plaintiffs disclose would be used for collection purposes.

15. The Defendants called the Plaintiffs and failed to disclose their identity.

16. The Defendants called to Stephanie Hoover and demanded payment in full or otherwise she "will be walking!"

17. The Defendants called the Plaintiffs and demanded information about location of the automobile.

18. The Defendants called Merissa Hoover's brother and sister-in-law, William Hoover and Stephanie Hoover, and disclosed information about the Debt.

19. The Defendants were rude, abusive and condescending when speaking to the Plaintiffs, stating to Stephanie Hoover "Ma'am you're a grown woman! Look it up on the computer, the internet, we're an investigator! You can't do anything!"

20. Furthermore, the Defendants yelled at Stephanie Hoover, causing her to break down into tears, saying "What do you think I'm stupid, like you? Do you think because your husband is a correction officer he's some big deal?"

21. The Defendants called the Plaintiffs and left a message stating: "This is agent Huff! Your name has come up in a legal matter. I need a three minute statement from you instantly or you can suffer consequences."

22.     The Defendants failed to send the Plaintiffs a letter informing them about the nature of the Debt of their rights under federal law.

### C. Plaintiff Suffered Actual Damages

23.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

26.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

28.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

30. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

32. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

33. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the Debt was not paid.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

6

47.     New Jersey further recognizes Plaintiffs' right to be free from invasions of privacy.  Thus, the Defendants violated New Jersey state law.

48.     The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

49.     The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

50.     As a result of the intrusions and invasions enumerated above, the Plaintiffs are entitled to actual damages from the Defendants in an amount to be determined at trial.

51.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiffs are entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**<u>TRIAL BY JURY DEMANDED ON ALL COUNTS</u>**

Dated: March 24, 2011

                                          Respectfully submitted,

                                          By: <u>/s/ Sofia Balile</u>

                                          Sofia Balile, Esq.
                                          Lemberg & Associates LLC
                                          1100 Summer Street
                                          Stamford, CT 06905
                                          Phone: (917) 981-0849
                                          Fax:    (203) 653-3424